IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-30104 |
| ) | |
| MYRON ZOLLICOFFER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

On February 15, 2008, the Court was advised that Defendant requested the assistance of the Federal Public Defender's Office in filing a motion for reduction of sentence based on the retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing. The Court appointed the Federal Defender's Office to represent Defendant in this matter. The Federal Defender's Office has now filed a Motion to Withdraw as Counsel (d/e 49).

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 comment. n. [1(A)].

The Defendant was sentenced by this Court on July 29, 2003 to a sentence of 230 months; the Defendant was sentenced pursuant to the career offender override guideline.

THEREFORE, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 49) is ALLOWED.  Defendant is allowed to pursue this matter *pro se.*

Defendant shall file with this Court no later than April 11, 2008, a

pleading that either (a) concedes that the Amendment does not apply because he was sentenced as a career offender, or (b) explains why the Amendment applies in spite of the fact that he was sentenced as a career offender.

IT IS THEREFORE SO ORDERED.

ENTER: March 7, 2008

FOR THE COURT.

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE