## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 02-cr-30104** |
| | ) | |
| **MYRON ZOLLICOFFER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On February 21, 2018, at a bond revocation hearing before Magistrate Judge Tom Schanzle-Haskins, Defendant Myron Zollicoffer was ordered released on bond, but the Defendant's release was stayed pending the Government's appeal to this Court. See February 21, 2018 Minute Entry.  The Government filed a Motion for Revocation of Release Order (d/e 68).  As the Court ruled at the revocation hearing on February 23, 2018, the Court GRANTS the Government's Motion, REVERSES Magistrate Judge Schanzle-Haskins' Order, and REVOKES Defendant's bond.

# I. BACKGROUND

On July 29, 2003, Defendant was sentenced to 230 months of imprisonment following his guilty pleas to three counts of distributing a substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  See Judgment (d/e 27).  The Defendant was ordered released on bond on January 9, 2017, pending the resolution of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Case Number 15-3337, pending before this Court.  The Court issued bond pursuant to this Court's inherent power in section 2255 proceedings to admit applicants to bail pending the decision of their case, as the Seventh Circuit recognized in <u>Cherek v. United States</u>, 767 F.2d 335, 337 (7th Cir. 1985).

On August 12, 2017, Defendant allegedly committed a domestic violence offense in violation of his conditions of release. Defendant has been charged in Macon County Circuit Court with committing six felonies in case number 2018-CF-000189: (1) unlawful vehicle invasion; (2) aggravated domestic battery; (3) aggravated battery/great bodily harm; (4) aggravated battery/ great bodily harm; and two felonies related to committing domestic

battery with a prior record. On February 21, 2018, the Macon County Circuit Court held a preliminary hearing and found probable cause existed that the Defendant committed these felonies.

On February 21, 2018, at a bond revocation hearing before Magistrate Judge Tom Schanzle-Haskins, Defendant was ordered released on bond after the court considered the parties' arguments. Magistrate Judge Schanzle-Haskins found that there were conditions of release which could assure the safety of any other person and the community. See February 21, 2018 Minute Entry; Proposed Amended Order Setting Conditions of Release (d/e 67). However, Magistrate Judge Schanzle-Haskins temporarily stayed the order of release to allow time for the Government to appeal. Id. The Government promptly filed a Motion for Revocation of Release Order (d/e 68).

## II.   ANALYSIS

The Court previously issued bond pursuant to this Court's inherent power in section 2255 proceedings to admit applicants to bail pending the decision of their case, as the Seventh Circuit recognized in Cherek v. United States, 767 F.2d 335, 337 (7th Cir.

1985).  While the standard for granting bail in such cases has not yet been determined by the Seventh Circuit, a case from the Urbana Division of this District has held that bail should be granted pending post-conviction habeas corpus review only "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  Douglas v. United States, No. 06-CV-2113, 2006 WL 3627071, at *1 (C.D. Ill. Dec. 11, 2006) (citing Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)).

The circumstances that previously convinced this Court to release Mr. Zollicoffer on bond have changed substantially since January 2017.  The Court previously released Mr. Zollicoffer on bond due to the high likelihood of success on his § 2255 motion, which was based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).  Johnson held that a residual clause of the Armed Career Criminal Act (ACCA), which classified an offense as a "crime of violence" if it involved "conduct that presents a serious potential risk of physical injury to another," was

unconstitutionally vague. 135 S. Ct. 2551, 2554, 2562-63 (2015).

Mr. Zollicoffer was sentenced under the mandatory federal

sentencing guidelines under an identical residual clause and, in

January 2017, it appeared likely that the Supreme Court would

hold that <u>Johnson</u> was both retroactive and applied to the

identically worded residual clause in the federal sentencing

guidelines. However, in <u>Beckles v. United States</u>, 137 S.Ct. 886

(2017), the Supreme Court held that the "advisory Guidelines are

not subject to vagueness challenges under the Due Process Clause"

and that the residual clause in § 4B1.2(a)(2) is not void for

vagueness. 137 S. Ct. 886, 890 (2017). While Mr. Zollicoffer's

claim is not foreclosed since he was sentenced under the guidelines

when they were mandatory, his chances of success are significantly

lower.

The Court's January 2017 decision to release Mr. Zollicoffer

was also based on its opinion that Mr. Zollicoffer was a good

candidate for bond. Mr. Zollicoffer had a record of good behavior in

prison, including obtaining his GED and enrolling in the Bureau of

Prisons' Residential Drug Abuse Program. However, Mr. Zollicoffer's

alleged criminal activity weighs against the Court's previous finding that he would be a good candidate for bond.

Based on these changed circumstances, the Court chooses to revoke its exercise of its inherent authority to release the Defendant on bond pending the resolution of his § 2255 motion. The Government's Motion for Revocation of Release Order (d/e 68) is GRANTED, Magistrate Judge Schanzle-Haskins' Proposed Amended Order is REVERSED, and Defendant's supervised release is REVOKED. Defendant is ordered detained pursuant to the Judgment in this case (d/e 27). The Clerk is DIRECTED to send a copy of this Order to the United States Marshal.

ENTER: February 28, 2018.

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE